**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDDA**

**CASE NO.**

RONALD JOHNSON,
individually and
on behalf of all others similarly situated,          **CLASS ACTION**

          Plaintiff,                                  **JURY TRIAL DEMANDED**

v.

WCG HEALTH MANAGEMENT, INC,

          Defendant.

_____/

**CLASS ACTION COMPLAINT**

Plaintiff Ronald Johnson brings this class action against Defendant WCG Health Management Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, n.5 (11th Cir. 2023).

3.      In violation of the TCPA, Defendant engages in unsolicited robocalling to promote its products and services.

1

4. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. *See Drazen*, 29 Fla. L. Weekly Fed. C2763 at 4.

## PARTIES

5. Plaintiff is a natural person.

6. Defendant is, and at all times relevant hereto was, a Delaware corporation with its principal place of business in Tampa, Florida.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

8. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls from Florida.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

10. Defendant engages in intrusive telemarketing to increase its revenue and gain an edge on its competitors.

11.    Defendant harassed Plaintiff and members of the Class with prerecorded robocalls, the purpose of which was to promote and advertise the commercial availability of Defendant's goods and services.

12.    Specifically, on or about December 19, 2025, Defendant sent the following unsolicited and unconsented to prerecorded voice call to Plaintiff's cellular telephone number:



13.    Upon listening to the message, Plaintiff was easily able to determine that it was an artificial and/or prerecorded voice and not a live person speaking.

14.    The purpose of Defendant's call was to solicit the sale of consumer goods and/or services.

15.    Plaintiff is the regular user of the cellular telephone number (ending in 5299) that received the above telephonic prerecorded sales calls.

16.    Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

17.    Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's

cellular telephone number.

18. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

19. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

> **TCPA Robocall Class: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.**

> **TCPA No Opt-Out Mechanism Class: All persons within the United States who, within the four years prior to the filing of this action, (1) received a call from Defendant using an artificial or prerecorded voice, (2) on their cellular telephone, (3) regarding Defendant's property, goods, and/or services, (4) which did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.**

20. Defendant and its employees or agents are excluded from the Class.

4

**NUMEROSITY**

21.     Upon information and belief, Defendant has placed prerecorded telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

23.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated prerecorded calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(c) Whether Defendant is liable for damages, and the amount of such damages;

(d) Whether Defendant violated the TCPA.

24.     The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

25.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from

6

performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200
(On Behalf of Plaintiff and the TCPA Robocall Class)

29.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

31.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

32.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…"  47 C.F.R. §

7

64.1200(a)(2).

33.     Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

34.     Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

35.     Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

36.     Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

37.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violations of 47 U.S.C. § 227 and 64.1200
**(On Behalf of Plaintiff and the TCPA No Opt-Out Mechanism Class)**

38.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

39.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(b)(3), provides

in pertinent part:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.

40.    Defendant violated 47 C.F.R. § 64.1200(b)(3) by delivering artificial or prerecorded voice messages in connection with telemarketing calls to Plaintiff's and the Class Members' telephone number that did not provide an automated, interactive voice and/or key press-activated opt-out mechanism for the called person to make a do not-call request.

41.    Plaintiff and the Class Members were harmed by Defendant's refusal to provide an opt-out mechanism in that they were unable to stop Defendant's prerecorded solicitations.

42.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to

a minimum of $500.00 in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of liquidated actual damages of $500 per call for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

DATED: March 25, 2026

Respectfully submitted,

**EISENBAND LAW, P.A.**
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792

By:  */s/ Manuel S. Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
**\*\* Lead Counsel**

*Attorneys for Plaintiff*

11